UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE AGUILAR, JR.,<br>CDCR# CB-8065,<br>Plaintiff,<br>vs.<br>IMPERIAL COUNTY SHERIFF'S DEP'T, CORPORAL SNYDER, DEPUTY J. BUSTAMONTE, DEPUTY J. BENAVIDEZ, LT. VOORIS, DANIEL VELIZ, IMPERIAL COUNTY BOARD OF SUPERVISORS, PARAMEDIC JOHN DOE,<br>Defendants. | Case No.: 26-CV-389 JLS (SBC)<br>**ORDER SCREENING FIRST AMDENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br>(ECF No. 5) |

Presently before the Court is Plaintiff Louie Aguilar, Jr.'s First Amended Complaint ("FAC," ECF No. 5), in which he alleges Defendants violated his rights under 42 U.S.C. §§ 1981, 1985, 1986 and 1983. For the reasons explained below, the Court screens the FAC under 28 U.S.C. § 1915A(a) and concludes it alleges plausible excessive force-related claims against some of the individual defendants. Beyond those claims, Plaintiff fails to state a claim under 42 U.S.C. §§ 1981, 1985 and 1986. The Court therefore gives Plaintiff the option to either amend his pleading or proceed with only the Fourth Amendment excessive force-related claims that survive screening, as discussed below.

## SCREENING PURSUANT TO 28 U.S.C. § 1915A

### I. Legal Standard

Because Plaintiff is a prisoner seeking redress from governmental officers, his FAC requires screening pursuant to 28 U.S.C. § 1915A(a) before any of his claims may proceed. Section 1915A(a) "mandates early review— 'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (alterations in original) (quoting 28 U.S.C. § 1915A(a)). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the

benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Factual Allegations**

In his FAC, Plaintiff alleges that in December of 2023, he was living at his mother's house. FAC at 4. Over the course of a week, Plaintiff had three "interactions" with Imperial County Sheriff's Department deputies, stemming from mental health issues Plaintiff was experiencing. *Id.* at 4, 13. Before the third interaction, deputies were called to the residence by neighbors who heard arguing. *Id.* When deputies (later identified as Bustamante, Benavidez and Snyder) arrived, Plaintiff's mother let them inside. *Id.* at 4. At the time, Plaintiff was sitting on the couch. *Id.* "All three sheriff's deputies asked if Plaintiff wanted to go outside and talk and Plaintiff said, 'no.'" *Id.* The deputies then approached Plaintiff "aggressively" and told him to get up. Plaintiff said "ok," but asked for "a little space," after which he was "thrown/slammed on his stomach, on the floor." *Id.* Shortly thereafter, one of the deputies punched Plaintiff in the back of the head. *Id.* at 4, 14. "Seconds later," Plaintiff was also "tased" in the back by one of the deputies "under the command Snyder, [an] Imperial County Sheriff Corporal." *Id.* at 14.

At some point, a paramedic arrived. Although Plaintiff asked the paramedic for a "CAT-scan at a hospital," *id.* at 14, the paramedic evaluated Plaintiff and determined he did not need to be taken to the hospital. *Id.* at 5. Plaintiff was then taken to jail and accused of "pushing or shoving his mother." *Id.* Plaintiff alleges it was his mother who was the aggressor, but he did not want to tell that to law enforcement because he feared she would be arrested. *Id.* At some point, Plaintiff "took a plea to avoid embarrassing his mother." *Id.* at 5. After his plea, Plaintiff was "in and out of custody" and during this time he began to work on "hold[ing] the officers responsible." *Id.* While in custody, Plaintiff attempted to send a "complaint" to internal affairs. Lieutenant Vooris, however, admitted he took the mail and hand delivered it "directly to Internal Affairs [deputy] Veliz" instead of putting it

in the "regular mail." *Id.*

Plaintiff further states that the Imperial County Board of Supervisors have failed to provide proper services for individuals experiencing mental health crises and that "more funding is needed." *Id.* at 9. He alleges the Board of Supervisors has failed to "direct[] enough funding for the training of deputy sheriffs in not using excessive force and mental health." *Id.* at 21. He states the "lack of [mental health crisis] services result[s] in injuries and a use of force way far beyond its legal purpose." *Id.* at 9.

**III. Discussion**

In his FAC, Plaintiff names the following Defendants, both in their individual and official capacities: Imperial County Sheriff's Department ("ICSD"), the Imperial County Board of Supervisors ("County Board"), Imperial County Sheriff Lieutenant Snyder, Deputy Bustamante, Deputy Benavidez, Lieutenant Vooris, Internal Affairs Deputy Veliz, and a "Paramedic Employee John Doe." *Id.* at 2–3. He raises eight claims and seeks relief against Defendants pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. *See id.* at 19–21. For the sake of clarity, the Court will discuss the grounds for relief in a different order than presented in the FAC.

***A. Official Capacity Claims Against Individuals***

First, to the extent Plaintiff sues ICSD employees Bustamante, Benavidez, Snyder, Veliz, and Vooris in their official capacities, his claims must be construed as claims against the ICSD itself, and therefore Imperial County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official."). Because Plaintiff has named the ICSD as a Defendant, his official capacity claims against the ICSD employees are redundant and should be dismissed. *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity as municipal officials and

the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."); *Venegas v. Sniff*, No. 518CV02293JLSSHK, 2020 WL 2574947, at *17 (C.D. Cal. Apr. 9, 2020), *report and recommendation adopted*, No. 518CV02293JLSSHK, 2020 WL 2572458 (C.D. Cal. May 21, 2020) ("Plaintiff sues all Individual Defendants in both their individual and official capacities. However, Plaintiff also sues the County and [its Sheriff's Department]. Accordingly, the official capacity claims against individual Defendants . . . should be dismissed 'as duplicative and redundant.'"). The Court therefore **DISMISSES** Plaintiff's official-capacity claims against Defendants Bustamante, Benavidez, Snyder, Veliz, and Vooris.

### *B. Individual Capacity Claims Against County Entities*

Plaintiff also names the ICSD and the County Board as Defendants in their "individual capacities." *See* FACT at 2–3. However, "the distinction between individual and official capacity does not apply in the case of a direct suit against a government entity, which should be sued in an official capacity only." *Hason v. County of Los Angeles*, No. 11-cv-5382-SVW (JPR), 2012 WL 13123537, at *3 (C.D. Cal. Mar. 13, 2012); *Mora v. Doe*, No. 23-cv-0013-CJC (DFM), 2023 WL 8125767, at *3 (C.D. Cal. July 25, 2023) ("In a suit against a government entity or its department, the distinction between individual and official-capacity suits does not apply; the entity should be sued in an official capacity only."). Therefore, Plaintiff's individual-capacity claims against Defendants Imperial County Sheriff's Department and the Imperial County Board of Supervisors are **DISMISSED**.

### *C. 42 U.S.C. § 1981*

In his fourth ground for relief, Plaintiff alleges a violation of "equal protection of rights/privileges under the Civil Rights Act [42 U.S.C. §] 1981," but does not indicate which Defendant or Defendants he seeks to hold liable or provide any additional facts. *See* FAC at 19. Plaintiff also raises 42 U.S.C. § 1981 as one basis for his eighth ground for relief against the County Board and ICSD. *See id.* at 21.

/ / /

Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In short, § 1981 protects the equal right of persons to "make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006); *see also Flores v. City of Westminster*, 873 F.3d 739, 752 (9th Cir. 2017) ("[Section] 1981 prohibits discrimination in the making and enforcement of contracts by reason of race, including color or national origin differences."). To state a claim under § 1981, a plaintiff must allege intentional racial discrimination. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995).

Here, Plaintiff fails to allege any facts to support a claim under § 1981. He provides no facts showing he attempted to contract services and was denied his right to do so. *See Domino's Pizza*, 546 U.S. at 476 ("Any claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship[ ]' . . . under which the plaintiff has rights."). And nowhere in the FAC does Plaintiff assert that he was intentionally discriminated against because of his race, which he also fails to specify. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (stating § 1981 requires a plaintiff to show "show intentional discrimination on account of race"). As such, Plaintiff fails to state a claim under 42 U.S.C. § 1981 against any Defendant. Therefore, ground four and the portion of ground eight seeking relief under 42 U.S.C. § 1981 are **DISMISSED**. *See* 28 U.S.C. § 1915A(b).

***D. 42 U.S.C. §§ 1985 & 1986***

Plaintiff alleges several claims pursuant to 42 U.S.C. §§ 1985 and 1986. In his fifth ground for relief, he states that "all 3 deputies" (presumably a reference to Defendants Bustamante, Benavidez and Snyder) "conspired" and violated § 1985 and § 1986 because they had the "power to prevent or aid in preventing his injuries." FAC at 20. In his sixth cause of action, Plaintiff alleges a conspiracy under §§ 1985 and 1986 among the three deputies and Paramedic Doe. He states that the "dominant behavior" of the three deputies

led to Paramedic Doe denying Plaintiff adequate medical care. *Id.* at 20. In his seventh claim, he alleges Defendants Vooris and Veliz violated his rights under these statutes when Vooris "conspired" with Veliz to personally deliver mail from Plaintiff to Veliz instead of sending it via the U.S. Postal Service. *Id.* at 21. Finally, in his eighth ground, Plaintiff references §§ 1985 and 1986 as bases for relief.[1] *Id.* at 21.

Plaintiff has not stated any claim as to any ground for relief under 42 U.S.C. § 1985. While Plaintiff fails to specify which subsection of § 1985 his claims rely upon, it is clear § 1985(1) does not apply because Plaintiff is not a federal officer. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) (stating that § 1985(1)'s "protections extend exclusively to the benefit of federal officers").

As for 42 U.S.C. § 1985(2), it "has two separate parts." *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 763 (9th Cir. 1991). The first part addresses conspiracies "which deter by force, intimidation, or threat a party or witness in federal court" and is therefore inapplicable here because Plaintiff alleges no facts related to federal court proceedings. *See id.* "The second part of the subsection creates a federal right of action for damages against conspiracies which obstruct the due course of justice in any State or Territory with intent to deny equal protection." *Id.* While this portion of § 1985(2) applies to state proceedings, to state a claim, there must be "an allegation of class-based animus." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (internal citations omitted); *see also Bagley*, 923 F.2d at 763 (stating that a "cognizable claim under [the second part of § 1985(2)] requires an allegation of a class-based invidiously discriminatory animus"). Here, Plaintiff has not alleged that any Defendant obstructed justice because he is a member of a protected class or discriminatory animus. Thus, Plaintiff has failed to state a claim for relief pursuant to §1985(2). *See Bagley*, 923 F.2d at 763 (concluding plaintiff had no cause of action for denial of access to state court when he failed to allege that he was a member

[1] Plaintiff also alleges in claim eight that his rights were violated under 42 U.S.C. § 1983, which the Court discusses later in this Order.

of a protected class).

Last, § 1985(3) provides a cause of action against persons who "conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). "A mere allegation of conspiracy [under § 1985(3)] without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). In addition, a plaintiff must allege sufficient facts to show "deprivation of a right motived by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)).

Here, Plaintiff's allegations of "conspiracy" as to his excessive force, inadequate medical care, and improper handling of his mail claims are wholly conclusory. The FAC contains no specific facts to suggest any agreement between the deputies involved in his arrest, between the deputies and paramedics who evaluated him, or between Vooris and Veliz about delivery of the letter. Nor has Plaintiff alleged any agreement between the individual deputies, the ICSD and/or the County Board. In addition, he fails to allege membership in a protected class and fails to allege that any Defendant acted with class-based animus. As such, Plaintiff fails to state any claim under § 1985(3).[2]

---

[2] Even if Plaintiff had raised his "conspiracy" allegations under 42 U.S.C. § 1983, he fails to state a claim. A conspiracy claim under § 1983 requires: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *See Avalos v. Bacca*, 596 F.3d 583, 592 (9th Cir. 2010). "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819,

Because Plaintiff has failed to state a claim under any subsection of 42 U.S.C. § 1985, he necessarily fails to state a claim under § 1986. Section 1986 imposes liability on persons who know of an impending violation of § 1985 but neglect or refuse to prevent the violation. *See* 42 U.S.C. § 1986. "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985." *Karim-Panahi*, 839 F.2d at 626; *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1991). As such, Plaintiff has also failed to state a claim under 42 U.S.C. § 1986.

In sum, Plaintiff has failed to state a claim against any Defendant under 42 U.S.C. §§ 1985 and 1986. Accordingly, grounds five, six, seven, and the portion of ground eight related to these sections are **DISMISED** for failure to state a claim.[3] *See* 28 U.S.C. § 1915A(b).

### *E. 42 U.S.C. § 1983*

In claims one, two, three and eight, Plaintiff alleges violations of his rights under 42 U.S.C. § 1983. FAC at 19, 21. "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A § 1983 claim also requires proof of causation, and allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

---

821 (9th Cir. 1989). And Plaintiff's FAC lacks any facts suggesting the existence of an express or implied agreement between Defendants.

[3] Even if the Court construed Plaintiff's claim as alleging an equal protection violation pursuant to 42 U.S.C. § 1983, he has not stated a claim. The Equal Protection Clause of the Fourteenth Amendment broadly requires the government to treat similarly situated people equally. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must typically allege "defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class," such as a particular race or religion. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). The FAC alleges no facts suggesting intentional discrimination or that it was based on membership protected class.

F.2d 628, 633 (9th Cir. 1988).

*1. Claims One, Two, and Three: Excessive Force and Failure to Intervene*

Claims one, two, and three involve Plaintiff's allegations related to the purported use of excessive force during his arrest. In ground one, Plaintiff states "all 3 defendants/sheriffs," elsewhere identified as Bustamante, Benavidez and Snyder, used excessive force when slamming him on his stomach, knocking his wind out, punching him behind his head and tasing him in the back." FAC at 19. In ground two, he alleges the "2 defendants that watched Plaintiff get punched in the back of his head" failed to intervene to protect him. *Id.* And in ground three, he states "all 3 defendants especially whichever officer punched Plaintiff" were "deliberate and indifferent" to his health and safety. *Id.*

As an initial matter, the Court must determine the law governing Plaintiff's claims related to the use of force. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("The validity of the [excessive force] claim must . . . be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard."). As to grounds one and two, Plaintiff fails to identify what constitutional right was purportedly violated. In ground three, he references the Eighth and Fourteenth Amendments. But neither apply here because the incident took place during Plaintiff's seizure and arrest, during which the Fourth Amendment applies. *See id.* at 388 (stating "claims for excessive force in an arrest, investigatory stop, or other seizure of a free person must be brought under the Fourth Amendment").

The Fourth Amendment's prohibition against unreasonable seizures is violated when the use of force is "objectively unreasonable." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citing *Graham*, 490 U.S. at 394–96). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). In addition, officers may be held liable for violating the Fourth Amendment if they had an opportunity to intercede when their fellow

officers use excessive force but fail to do so. *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000)).

And law enforcement officers may be liable for excessive force under the Fourth Amendment "on a theory of integral participation" if they participate "'in some meaningful way' in the specific actions that constituted the violation." *Hughes*, 31 F.4th at 1223 (quoting *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004)). In addition, when a police officer violates a person's constitutional rights, fellow officers on the scene have a "duty to intercede" if they have a "realistic opportunity" to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (citation omitted); *see, e.g.*, *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (reversing summary judgment for a police sergeant who admitted that he "observed [other] deputies struggling" with the plaintiff but "did not become involved or give orders" for them to stop).

Plaintiff alleges Defendants Bustamante, Benavidez, and Snyder were all acting together when he was thrown to the ground, punched in the back of the head, and tased during his seizure and arrest. While Plaintiff does not indicate knowledge of which deputy was responsible for throwing him to the ground, punching him, and/or tasing him, the Court finds he has nonetheless alleged sufficient facts to state a Fourth Amendment claim against Bustamante, Benavidez, and Snyder based on the "integral participant" theory[4] and for failure to intercede. *See Boyd*, 374 F.3d at 780 (finding that officers providing backup were integral participants in another officer's use of excessive force); *see also Blankenhorn*, 485 F.3d at 480 n.12 (concluding that an officer who helped handcuff the

---

[4] An official may only be deemed an "integral participant" if "(1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury." *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022). "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd*, 374 F.3d at 780. It instead requires "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 n.12 (9th Cir. 2007).

plaintiff was an integral participant in the other officers' use of excessive force); *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1448 (9th Cir. 1986) (holding in police brutality case that a jury could reasonably conclude that three officer defendants "were participants in punching or kicking" plaintiff, even though defendants denied assaulting plaintiff and plaintiff could not state that specific defendants punched or kicked him); *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir. 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996) ("[A]n officer who failed to intercede when his colleagues were depriving a victim of his Fourth Amendment right to be free from unreasonable force in the course of an arrest would, like his colleagues, be responsible for subjecting the victim to a deprivation of his Fourth Amendment rights.").

In sum, Plaintiff's allegations in claims one two and three are sufficient to meet the "low threshold" required at this early state in the proceedings to state plausible Fourth Amendment claims for excessive force and failure to intervene against Defendants Bustamante, Benavidez, and Snyder.

*2. Claim Eight: ICSD and the County Board*

In his eighth ground, Plaintiff seeks relief under 42 U.S.C. § 1983, in addition to the other federal statutes discussed above. Specifically, he alleges the "customs/policies" and "lack of training" of the ICSD, under the direction of the County Board, "invoke[] a *Monell* claim" pursuant to § 1983. *See* FAC at 16, 21.

A municipal entity may not be held liable for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). "[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 690). In addition, a "[f]ailure to train may amount to a policy of 'deliberate indifference' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty v. City of Covina*, 654 F.3d 892, 900

(9th Cir. 2011) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (9189)). "To state a section 1983 claim against a government unit, such as [a] County or [a] County Board of Supervisors, the plaintiff must establish an affirmative causal link between a governmental policy or practice and the alleged constitutional violation." *Stemmons v. Arpaio*, No. 07-01016 PHXNVWMEA, 2007 WL 3049073, at *2 (D. Ariz. Oct. 4, 2007), *report and recommendation adopted*, No. CV0701016PHX NVW MEA, 2007 WL 3054941 (D. Ariz. Oct. 18, 2007) (citing *City of Canton*, 489 at 385–85).

Here, to the extent Plaintiff alleges a *Monell* claim based on vague references to "customs [and] policies" of the ICSD and County Board, he fails to state a claim because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents," will not give rise to § 1983 municipal liability. *Grant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 1996); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice). Rather, liability based on custom, practice, or policy "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Facts regarding the specific nature of the policy, custom, or practice are required, as merely stating the subject to which the policy relates is insufficient. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with conclusory allegation of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice").

Plaintiff also alleges a "lack of training" among deputies with the ICSD and the "need for more funding" to be allocated by the County Board for training deputies in "mental health" and "in not using excessive force." FAC at 21. To state a *Monell* claim based on failure to train, a plaintiff must show (1) "the existing training program" is inadequate "in relation to the tasks the particular officers must perform"; (2) the officials have been deliberately indifferent "to the rights of persons with whom the police come into

contact"; and (3) the inadequacy of the training "actually caused the deprivation of the alleged constitutional right." *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations and quotation marks omitted). Plaintiff fails to allege sufficient facts to show the inadequacy of the existing training of Imperial County Sheriff's deputies. "[T]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U.S. at 390–91; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007). "Indeed, a single incident cannot sustain a failure to train except in the 'rare' circumstance that 'the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a preexisting pattern of violations.'" *Burns v. City of Concord*, No. 14-cv-00535 LB, 2014 WL 5794629, at *16 (N.D. Cal. Nov. 6, 2014) (quoting C*onnick v. Thompson*, 563 U.S. 51, 64 (2011)). Such circumstances are not plausibly alleged here.

Thus, as currently pleaded, Plaintiff's *Monell* claims against Defendants ICSD and the County Board lack the necessary specificity to state a claim. *See Galindo v. City of San Mateo*, No. 16-CV-03651-EMC, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016*)* ("*Monell* allegations must be [pled] with specificity."). Accordingly, Plaintiff's claims against the Imperial County Board of Supervisors and Imperial County Sheriff's Department are **DISMSSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

## IV. Summary and Plaintiff's Options

Because only Plaintiff's individual-capacity Fourth Amendment excessive force claims against Defendants Bustamonte, Benavidez, and Snyder are sufficiently pleaded, and it is not "absolutely clear" no amendment could cure his remaining pleading deficiencies, *see Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015), he may proceed either by: (1) notifying the Court of his intent to proceed only with the Fourth Amendment excessive force claims he has adequately alleged against individual Defendants

Bustamonte, Benavidez, and Snyder; or (2) filing a second amended complaint that includes all his adequately pleaded claims <u>and</u> corrects all the deficiencies of pleading identified in this order. <u>Plaintiff must choose one of those two options within sixty (60) days of the date this Order is filed</u>.

If Plaintiff notifies the Court that he wishes to proceed only with the excessive force claims which have survived screening, the Court will issue an order directing the Clerk to issue a summons upon Defendants Bustamonte, Benavidez, and Snyder, and will direct the U.S. Marshal to effectuate service on his behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). But all remaining claims and remaining defendants will remain dismissed from this action. If Plaintiff chooses to file a second amended complaint, that pleading will be subject to another preliminary screening pursuant to 28 U.S.C. § 1915A(b) before the Court determines whether U.S. Marshal Service upon any defendant is warranted. If Plaintiff does nothing, the Court will dismiss the case based on his failure to prosecute in compliance with a court order.

## CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. All claims in the complaint are **DISMISSED**, except for Plaintiff's excessive force claims against individual Defendants Bustamante, Benavidez, and Snyder, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

2. Consistent with the above, all claims against Defendants Vooris, Veliz, "Paramedic Doe," the Imperial County Sheriff's Department, and the Imperial County Board of Supervisors are **DISMISSED** without prejudice based on Plaintiff's failure to state a claim against them. 28 U.S.C. § 1915A(b)(1).

3. Within **<u>sixty (60) days of the date this Order is filed</u>**, Plaintiff must either: (a) notify the Court of his intent to proceed only with his surviving excessive force claims against Defendants Bustamante, Benavidez, and Snyder; or (b) file a second amended complaint that cures the deficiencies noted above. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR

15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated: August 13, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge