UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LOUIE AGUILAR, JR.,

Plaintiff,

vs.

SNYDER, Corporal Officer, J. BUSTAMONTE, Deputy, J. BENAVIDEZ, Deputy,

Defendants.

Case No.: 26-CV-389 JLS (SBC)

**ORDER: (1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS IN THIS ACTION PURSUANT TO 28 U.S.C. § 1915A(b) WITH THE EXCEPTION OF THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS SNYDER, BUSTAMONTE, AND BENAVIDEZ;**

**(2) GRANTING REQUEST FOR MARSHAL SERVICE AND DIRECTING U.S. MARSHALS TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT AND SUMMONS ON DEFENDANTS SNYDER, BUSTAMONTE, AND BENAVIDEZ, PURSUANT TO FED. R. CIV. P. 4(c)(3)**

Plaintiff Louie Aguilar, Jr. ("Aguilar" or "Plaintiff") is a state inmate proceeding pro se in this civil rights action. On August 13, 2026, the Court screened his First Amended

Complaint ("FAC") pursuant to 28 U.S.C 28 U.S.C. §1915A(b)[1] and concluded Plaintiff stated plausible Fourth Amendment excessive force claims pursuant to 42 U.S.C. § 1983 against Defendants Bustamonte, Benavidez, and Snyder. *See* ECF No. 6. The Court, however, further found Plaintiff failed to state plausible § 1983 claims against any other Defendants—Imperial County Sheriff's Department, Vooris, Veliz, Imperial County Board of Supervisors, and Paramedic Doe—and failed to state a claim under 42 U.S.C. §§ 1981, 1985 & 1986 as to any Defendant. *Id.* at 14–15.

As such, the Court gave Plaintiff the option to either: (1) notify the Court of his intent to proceed with his Fourth Amendment excessive force claims against Defendants Bustamonte, Benavidez, and Snyder only; or (2) file a Second Amended Complaint that attempts to correct the deficiencies of pleading identified in the Court's screening Order. *See id.* at 15–16. Plaintiff was instructed that if he decided to proceed only with his excessive force claims, the Court would issue an Order directing the Clerk of Court to issue a summons as to Defendants Bustamonte, Benavidez, and Snyder. *Id.*

On November 12, 2026, Plaintiff filed a Notice of Intent to Proceed with his Fourth Amendment excessive force claims against Defendants Bustamonte, Benavidez, and Snyder only, and to accept dismissal of the remaining claims and Defendants. *See* ECF No. 9.

In his Notice of Intent to Proceed, Aguilar also requested the United States Marshals Service execute service of the FAC on his behalf. *See id.* Generally, a plaintiff who files a civil action and pays the filing fee is responsible for effectuating service of process. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). The Federal Rules of Civil Procedure, however, provide that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Because Plaintiff is incarcerated and

[1] Plaintiff paid the full $405 civil filing fee when he initiated this action. *See* ECF No. 1-2.

proceeding pro se, the Court grants the request in the interest of justice. *See Ozuno v. Albarran*, No. 26-cv-11536-BLF, 2026 WL 3088305, at *1 (N.D. Cal. Oct. 15, 2026) (citing *Moore v. Duran*, 2023 WL 3441581, at *2 (S.D. Cal. Apr. 24, 2023) (granting request for marshal service "in light of Plaintiff's pro se and incarcerated status," even where Plaintiff paid the full civil filing fee)).

**CONCLUSION AND ORDER**

Accordingly, good cause appearing, the Court:

1. **DISMISSES** all claims against all Defendants in the First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) without further leave to amend, <u>with the exception of the Fourth Amendment excessive force claims against Defendants Bustamonte, Benavidez and Snyder</u>, as set forth in the Court's August 13, 2026, Order (ECF No. 6).

2. **GRANTS** Plaintiff's request for U.S. Marshal service of the First Amended Complaint.

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 5) for Defendants Bustamonte, Benavidez, and Snyder and forward it to Plaintiff along with blank U.S. Marshals Forms 285 for Defendants Bustamonte, Benavidez, and Snyder. The Clerk will provide Plaintiff with certified copies of his Complaint and the summons so that he may serve the Defendants. Plaintiff must complete the USM Forms 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshals according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

4. **ORDERS** the U.S. Marshals to serve a copy of the First Amended Complaint and summons upon Defendants Bustamonte, Benavidez, and Snyder as directed by Plaintiff on the USM Forms 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

/ / /

5. **ORDERS** Defendants, once served, to reply to Plaintiff's First Amended Complaint, as to the surviving Fourth Amendment excessive force claims, and any subsequent pleading Plaintiff files in this matter in which Defendants are named as parties within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

6. **ORDERS** Plaintiff, after service, to serve upon Defendants Bustamonte, Benavidez, and Snyder, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk of Court, or which fails to include a Certificate of Service upon Defendants or Defendants' counsel may be disregarded.

**IT IS SO ORDERED**.

Dated: November 19, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge